Ross E. Shanberg, Esq. (SBN 179842)
Shane C. Stafford, Esq. (SBN 216151)
Aaron A. Bartz, Esq. (SBN 198722)
SHANBERG STAFFORD & BARTZ, LLP
5031 Birch Street
Newport Beach, California 92660
Telephone: (949) 205-7515
Facsimile: (949) 205-7144

Attorneys for Plaintiff
ANTHONY MORENO

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT – EASTERN DIVISION

| | |
|---|---|
| ANTHONY MORENO, an individual, | Case No.:  5:21-cv-1322 |
| Plaintiff, | [Unlimited Jurisdiction] |
| v. | **COMPLAINT FOR:** |
| BIG LOTS STORES, INC., an Ohio corporation; AVDC, INC., an Ohio corporation; and DOES 1 through 20, inclusive, | 1. Disability Discrimination; |
|  | 2. Failure to Provide Reasonable Accommodation; |
| Defendant. | 3. Failure to Engage in a Good Faith Interactive Process; |
|  | 4. Failure to Prevent Discrimination; |
|  | 5. Retaliation; |
|  | 6. Wrongful Termination In Violation of Public Policy. |
|  | 7. Violation of Business & Professions Code § 17200. |

Plaintiff ANTHONY MORENO ("Plaintiff" or "Moreno"), for his causes of action against BIG LOTS STORES, INC., an Ohio corporation ("Big Lots"); AVDC, INC. an Ohio corporation ("AVDC"); and DOES 1-20, (collectively "Defendants") alleges as follows:

## I.   <u>PARTIES</u>

1.      Plaintiff ANTHONY MORENO is an individual over the age of eighteen (18).  At all relevant times herein, Plaintiff was and currently is a resident of the County of San Bernardino, State of California.

2.      Plaintiff is informed and believes and based thereon alleges that at all times mentioned herein, Defendant Big Lots is an Ohio corporation and is operating in the county of San Bernardino.

3.      Plaintiff is informed and believes and based thereon alleges that at all times mentioned herein, Defendant AVDC is an Ohio corporation and is operating in the county of San Bernardino.

4.      Plaintiff is informed and believes and based thereon alleges that Defendants were responsible in some manner for the circumstances alleged herein, and proximately caused Plaintiff to be subjected to the unlawful employment practices, wrongs, injuries, and damages complained of herein.

5.      Plaintiff is unaware of the names and capacities of those Defendants by the fictitious names of Does 1 through 20, inclusive.  Plaintiff is informed and believes that the fictitiously named Defendants are responsible for the matters described in this Complaint.

6.       Plaintiff sues DOES 1 to 20 by fictitious names.  Plaintiff will amend this Complaint to assert the true names and capacities as they become known. Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

COMPLAINT FOR DAMAGES

7.      Defendants, and each of them, proximately subjected Plaintiff to the unlawful practices, wrongs, complaints, injuries, and/or damages alleged in this Complaint.

8.      Defendants, and each of them, are now and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.  At all times herein mentioned, Defendants, approved of, condoned, and/or otherwise ratified every one of the acts or omissions complained of herein.

9.      Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership, and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership, and common enterprise.

10.     Defendants, and each of them, at all times mentioned in this Complaint concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries and/or damages alleged in this Complaint.

## II.  JURISDICTION AND VENUE

11.     This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332 in that the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the event or omissions giving rise to the claim occurred in this district.

## III.  FACTUAL ALLEGATIONS

13.     Plaintiff was hired by Defendants on or about December 15, 2006, as an Operations Supervisor at the distribution center in Rancho Cucamonga.  Soon thereafter, he was promoted to Operations Manager and then transferred to the Redlands location, where he worked as the Operations Manager for three years until the location closed.  He

then was transferred back to Rancho Cucamonga and worked as Operations Manager for a short time, and then Operations Supervisor again until this location closed in February 2020. Afterwards he was transferred to the Apple Valley Distribution Center (AVDC) where he worked as an Operations Supervisor from February 2020 until his termination on April 19, 2021. The AVDC is the main distribution center for Defendant Big Lots on the west coast.

14.     Plaintiff's duties included overseeing and/or managing hourly associates, ensuring merchandise is taken off the loading dock to the correct areas, and interacting with the supervisors of other departments, such as shipping, non-conveyable, receiving, and conveyables.

15.     On Thanksgiving Day, November 26, 2020, Plaintiff woke up with severe back pain. Plaintiff attended work the next day but was forced to leave work and visit his doctor, who diagnosed him with muscle spasms and instructed him to take a few days off to recover. Over the next several days the pain became increasingly worse. Ultimately, Plaintiff was in so much pain that he could not stand up for long periods of time. Plaintiff provided Defendants with a doctor's note indicating his need for a medically related leave of absence.

16.     On December 2, 2020, Plaintiff went back to the doctor for his extreme pain and was put on bed rest until December 6. Then, from December 7 to December 20, Plaintiff's doctor indicated that he would be able to return to work with minor accommodations, including stretching periodically and working no more than a 40-hour work week. However, after Plaintiff told Defendants' Human Resources Manager, Brenda Martinez, about the accommodations requested, she informed Plaintiff that Defendants did not provide accommodations for non-work related disabilities. She instructed Plaintiff to stay home and only return when he was released to work full time, without restrictions. At that time, Plaintiff's doctor believed Plaintiff would be able to return to work, without restrictions, as of December 21, 2020. Ultimately, Plaintiff was diagnosed with Lumbar Radiculopathy and Chronic Pain. Plaintiff provided the doctor's

COMPLAINT FOR DAMAGES

note to Defendants indicating his need for the medically related leave of absence and subsequent accommodations.

17. On December 18, 2020, Plaintiff returned to the doctor and was taken off work from December 21 to December 25, 2020. At that time, Plaintiff's doctor believed Plaintiff would be able to return to work, without restrictions, as of December 26, 2020. Plaintiff provided the doctor's note to Defendants indicating his need for the medically related leave of absence.

18. On December 24, 2020, Plaintiff returned to the doctor and was taken off work from December 26 to December 28, 2020. At that time, Plaintiff's doctor believed Plaintiff would be able to return to work, without restrictions, as of December 29, 2020. Plaintiff provided the doctor's note to Defendants indicating his need for the medically related leave of absence.

19. On January 4, 2021, Plaintiff returned to the doctor and was taken off work from January 13 to January 27, 2021. Plaintiff underwent an MRI that indicated he was suffering from a bulging disc in his back. Plaintiff provided the doctor's note to Defendants indicating his need for the medically related leave of absence.

20. On January 27, 2021, Plaintiff returned to the doctor and was taken off work from January 27 to February 10, 2021. Plaintiff provided the doctor's note to Defendants indicating his need for the medically related leave of absence.

21. On February 10, 2021, Plaintiff returned to the doctor and was taken off work from February 11 to February 25, 2021. Plaintiff provided the doctor's note to Defendants indicating his need for the medically related leave of absence.

22. On February 22, 2021, Plaintiff returned to the doctor and was taken off work from February 26 to March 17, 2021. Plaintiff provided the doctor's note to Defendants indicating his need for the medically related leave of absence.

23. On March 17, 2021, Plaintiff returned to the doctor and was taken off work from March 18 to March 31, 2021. He also received an epidural injection in his back to alleviate his suffering and symptoms. Plaintiff provided the doctor's note to Defendants

COMPLAINT FOR DAMAGES

indicating his need for the medically related leave of absence.  Plaintiff's Lumbar Radiculopathy and related back problems were abating, and he was to return full time, without restrictions, on April 1, 2021.

24.     On March 29, 2021, a blood vessel burst in one of Plaintiff's eyes unexpectedly.  He was diagnosed with a right vitreous hemorrhage and underwent several eye procedures to correct it.  His doctor provided him with doctor's notes that took him off work until April 18, 2021. Plaintiff provided the doctor's notes to Defendants indicating his need for the medically related leave of absence.

25.     On April 15, 2021, Plaintiff emailed Defendants' Human Resources Manager, Ms. Martinez, to confirm he would be returning to work on Monday, April 19, 2021, and to inquire as to who he should report to and what time to arrive.  The morning of the next day, April 16, Ms. Martinez responded and indicated she would get back to him by the end of the day to discuss his employment status.  Ms. Martinez then followed up and said she was leaving work early and would be in touch with him on Monday, April 19.  On Monday, April 19, Ms. Martinez finally let Plaintiff know that Defendants replaced Plaintiff while was out on his medical leave of absence and the only position available was an associate position that was compensated on an hourly basis.  The associate position was a demotion and was not comparable to Plaintiff's position as Operations Supervisor.  Plaintiff declined the demotion and requested he be reinstated to his former position.  Defendants refused and terminated Plaintiff's  employment.

26.     On August 5, 2021, Plaintiff filed a complaint with the California Department of Fair Employment and Housing ("DFEH"), alleging claims of disability discrimination, failure to provide a reasonable accommodation, failure to engage in the good faith interactive process, retaliation, and failure to prevent discrimination.  Plaintiff received his "Right to Sue" notice on the same day.

COMPLAINT FOR DAMAGES

## FIRST CAUSE OF ACTION
## DISABILITY DISCRIMINATION

27.    Plaintiff re-alleges and incorporates by reference herein the allegations of all preceding paragraphs as though fully set forth herein.

28.    FEHA prohibits discrimination on the basis of "physical disability."  Cal. Gov. Code § 12926 (k)(l).  A qualifying physical disability is one that "limits a major life activity," which means it "makes the achievement of the major life activity more difficult."  Cal. Gov. Code § 12926(k)(1)(B)(ii).  The term "major life activity" is broadly construed and specifically includes working.  Cal. Gov. Code § 12926(k)(1)(B)(iii); see also Cal. Gov. Code § 12926.1(c) ("working is a major life activity").

29.    Plaintiff suffered from a physical disability due to the injuries to his back, including Lumbar Radiculopathy, which limited his ability to work (classified as a "major life activity").  Plaintiff also suffered from a burst blood vessel in his right eye. Plaintiff provided Defendants with numerous medical certifications indicating the need for a leave of absence because of Plaintiff's disabilities and the direct limitations they had on Plaintiff's ability to work.

30.    Defendants not only were on notice of the nature of Plaintiff's disability, but also were on notice of the length of the leave of absence prescribed by Plaintiff's physician. Instead of complying with the leave of absence request, Defendants hired someone else to fill Plaintiff's position and offered Plaintiff a different position that was not comparable to his previous position and constituted a demotion.  When Plaintiff refused to accept the demotion, Defendants terminated him.

31.    Defendants terminated Plaintiff because of his disability in direct violation of the Fair Employment and Housing Act (FEHA) set forth at Government Code section 12940 *et seq*, which prohibits discrimination in employment based on disability.

32.    But for Plaintiff's suffering from a disability, he would not have been terminated by Defendants.  Plaintiff was an efficient and hard-working employee, and only when he suffered from his disability did Defendants replace him and ultimately terminate him.

33.     As a direct and proximate result of Defendants' willful, knowing, intentional and wrongful employment discrimination, Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities, as well as emotional distress, anxiety, depression, loss of sleep, and stress.  Plaintiff is entitled to general and compensatory damages in amounts in excess of the jurisdictional limits of this court.

34.     Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendants, described above, was done with fraud, oppression and/or malice, and with a conscious disregard for Plaintiff Moreno's rights with the intent, design and purpose of injuring him.  Plaintiff is entitled to punitive or exemplary damages from Defendants in an amount in excess of the jurisdictional limits of this court.

35.     As a direct and proximate result of Defendants' conduct, Plaintiff has incurred attorney's fees and costs, and is entitled to recover reasonable attorney's fees and costs from Defendants pursuant to California Government Code § 12965.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE REASONABLE ACCOMMODATION

36.     Plaintiff re-alleges and incorporates by reference herein the allegations of all preceding paragraphs as though fully set forth herein.

37.     Cal. Gov. Code § 12940(m) provides that an employer is required to make a reasonable accommodation for the known disabilities of its employees.

38.     Defendants were affirmatively obligated to determine what accommodations could be offered to Plaintiff and then to implement them accordingly.

39.     The primary accommodations Plaintiff required was a leave of absence to recover from his disabilities and then temporary, modified work restrictions once he returned to work.  Plaintiff's doctors provided Plaintiff with multiple doctor's notes detailing both the modified work restrictions for Plaintiff and the time off he required to recover from his disabilities.  Defendants refused to agree to any of the accommodations. In addition, Defendants hired someone else to replace Plaintiff and then terminated him

when we would not accept a demotion upon his return.  Defendants failed to provide a reasonable accommodation to Plaintiff.

40.     As a direct and proximate result of Defendants' willful, knowing, intentional and wrongful employment discrimination, Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities, as well as emotional distress, anxiety, depression, loss of sleep, and stress.  Plaintiff is entitled to general and compensatory damages in amounts in excess of the jurisdictional limits of this court.

41.     Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendants, described above, was done with fraud, oppression and/or malice, and with a conscious disregard for Plaintiff Moreno's rights with the intent, design and purpose of injuring him.  Plaintiff is entitled to punitive or exemplary damages from Defendants in an amount in excess of the jurisdictional limits of this court.

42.     As a direct and proximate result of Defendants' conduct, Plaintiff has incurred attorney's fees and costs, and is entitled to recover reasonable attorney's fees and costs from Defendants pursuant to California Government Code § 12965.

## THIRD CAUSE OF ACTION

## FAILURE TO ENGAGE IN THE GOOD FAITH INTERACTIVE PROCESS

43.     Plaintiff re-alleges and incorporates by reference herein the allegations of all preceding paragraphs as though fully set forth herein.

44.     Cal. Gov. Code § 12940 (n) states that the employer has an affirmative duty to engage in a good faith interactive process with the employee to ascertain whether and to what extent a reasonable accommodation may be provided to the employee.

45.     Defendants were affirmatively obligated to initiate and thereafter engage in good faith communications with Plaintiff to determine whether an accommodation could be offered. Defendants' failure to do so clearly constitutes a violation of FEHA's good faith interactive process requirement.

46.     Defendants knew Plaintiff suffered from disabilities upon receipt of the numerous medical certifications from Plaintiff's physician, yet Defendants failed to

engage Plaintiff in a good faith interactive process. In fact, Defendants ignored their mandatory obligations, hired someone to replace Plaintiff, and subsequently terminated him when he would not accept a demotion to a non-comparable position.

47.    As a direct and proximate result of Defendants' willful, knowing, intentional and wrongful employment discrimination, Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities, as well as emotional distress, anxiety, depression, loss of sleep, and stress.  Plaintiff is entitled to general and compensatory damages in amounts in excess of the jurisdictional limits of this court.

48.    Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendants, described above, was done with fraud, oppression and/or malice, and with a conscious disregard for Plaintiff Moreno's rights with the intent, design and purpose of injuring him.  Plaintiff is entitled to punitive or exemplary damages from Defendants in an amount in excess of the jurisdictional limits of this court.

49.    As a direct and proximate result of Defendants' conduct, Plaintiff has incurred attorney's fees and costs, and is entitled to recover reasonable attorney's fees and costs from Defendants pursuant to California Government Code § 12965.

## FOURTH CAUSE OF ACTION
## FAILURE TO PREVENT DISCRIMINATION

50.    Plaintiff re-alleges and incorporates by reference herein the allegations of all preceding paragraphs as though fully set forth herein.

51.    Defendants' conduct constitutes unlawful discrimination based on Plaintiff's disabilities in violation of the FEHA.

52.    Defendants failed to take any reasonable steps to prevent the aforementioned discrimination of Plaintiff from occurring.

53.    Defendants' conduct was in direct violation of the Fair Employment and Housing Act set forth at Government Code section 12940(k).

54.    As a direct and proximate result of Defendants' willful, knowing, intentional and wrongful employment discrimination, Plaintiff has suffered and will

9

continue to suffer a loss of earnings and other employment benefits and job opportunities, as well as emotional distress, anxiety, depression, loss of sleep, and stress. Plaintiff is entitled to general and compensatory damages in amounts in excess of the jurisdictional limits of this court.

55.     Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendants and Defendants' employees described above was done with fraud, oppression and/or malice, and with a conscious disregard for Plaintiff's rights with the intent, design and purpose of injuring him. Plaintiff is entitled to punitive or exemplary damages from Defendants in an amount in excess of the jurisdictional limits of this court.

56.     As a direct and proximate result of Defendants' conduct, Plaintiff has incurred attorney's fees and costs, and is entitled to recover reasonable attorney's fees and costs from Defendants pursuant to California Government Code § 12965.

## FIFTH CAUSE OF ACTION

## RETALIATION

57.      Plaintiff re-alleges and incorporates by reference herein the allegations of all preceding paragraphs as though fully set forth herein.

58.     Plaintiff was an eligible employee in that he was employed by Defendants for at least 12 months prior to the date the leave commenced and had been employed for at least 1250 hours during the 12–month period preceding commencement of the leave. Plaintiff suffered from a serious health condition under CFRA.

59.     Defendants retaliated against Plaintiff Moreno for requesting and taking a CFRA leave of absence for serious health condition. Said retaliation was in the form of replacing Plaintiff while he was out on his leave of absence and refusing to reinstate him to a comparable position upon his return to work. Ultimately, Defendants terminated Plaintiff when Plaintiff refused to accept a demotion.

60.     As a direct and proximate result of Defendants' willful, knowing, intentional and wrongful employment discrimination, Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities,

COMPLAINT FOR DAMAGES

as well as emotional distress, anxiety, depression, loss of sleep, and stress.  Plaintiff is entitled to general and compensatory damages in amounts in excess of the jurisdictional limits of this court.

61.     Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendants described above was done with fraud, oppression and/or malice, and with a conscious disregard for Plaintiff's rights with the intent, design and purpose of injuring him.  Plaintiff is entitled to punitive or exemplary damages from Defendants in an amount in excess of the jurisdictional limits of this court.

62.     As a direct and proximate result of Defendants' conduct, Plaintiff has incurred attorney's fees and costs, and is entitled to recover reasonable attorney's fees and costs from Defendants pursuant to California Government Code § 12965.

<u>**SIXTH CAUSE OF ACTION**</u>

<u>**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**</u>

63.     Plaintiff re-alleges and incorporates by reference as if fully set forth herein, the allegations of the preceding paragraphs.

64.     Plaintiff and Defendants were in an employer-employee relationship.  In April 2021, Plaintiff was terminated due to his physical disability, as further set forth herein.

65.     Defendants wrongfully terminated Plaintiff from his employment with Defendants based upon Defendants' violation of the fundamental public policy of the State of California, as further set forth in the Fair Employment and Housing Act, California Constitution, and other statutes and provisions.

66.     As a direct and proximate result of Defendants' willful, knowing, intentional and wrongful employment discrimination, Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities, as well as emotional distress, anxiety, depression, loss of sleep, and stress.  Plaintiff is entitled to general and compensatory damages in amounts in excess of the jurisdictional limits of this court.

COMPLAINT FOR DAMAGES

67.     Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendants, described above, was done with fraud, oppression and/or malice, and with a conscious disregard for Plaintiff Moreno's rights with the intent, design, and purpose of injuring him.  Plaintiff is entitled to punitive or exemplary damages from Defendants in an amount in excess of the jurisdictional limits of this court.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200**

68.     Plaintiff re-alleges and incorporates by reference as if fully set forth herein, the allegations of the preceding paragraphs.

69.     California Business and Professions Code § 17200 *et seq*. prohibits unfair competition in the form of any unlawful, deceptive or fraudulent business practice.  The acts and practices described in this complaint constitute unlawful, unfair, and fraudulent business practices, and unfair competition within the meaning of Business and Professions Code § 17200 *et seq*.

70.     Beginning at a date unknown to Plaintiff Defendants committed unlawful acts as described above, including: 1) violating FEHA by engaging in disability discrimination; 2) violating FEHA by failing to provide a reasonable accommodation; 3) violating FEHA by failing to engage in the interactive good faith process; 4) violating FEHA by failing to prevent discrimination; and 5) violating CFRA by retaliating against Plaintiff.

71.     These violations are unlawful business practices under Business and Professions Code § 17200 and provides remedies under Business and Professions Code § 17203.

72.     As a proximate result of the aforementioned acts, the Defendants received and continue to hold ill-gotten gains belonging to Plaintiff in that Defendants have profited from these unlawful practices.

COMPLAINT FOR DAMAGES

73.     Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property that may have been acquired by means of such unfair competition and order restitutionary damages to plaintiff by operation of the practices alleged therein.

74.     Plaintiff is entitled to backpay, injunctive relief, and any other remedy available.

75.     Injunctive relief is necessary and proper to prevent Defendants from repeating these wrongful practices as alleged above.

76.     In order to prevent Defendants from profiting and benefitting from these wrongful and illegal acts, an order requiring Defendants to pay restitutionary damages to Plaintiff is appropriate and necessary.

77.     Plaintiff herein has taken it upon himself to enforce these laws and lawful claims.  There is a financial burden incurred in pursuing this action and it would be against the interests of justice to penalize Plaintiff by forcing him to pay attorneys fees in this action.  Therefore, attorney's fees are appropriate pursuant to Code of Civil Procedure § 1021.5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants as follows:

1. General and compensatory damages according to proof at trial;

2. For preliminary, permanent, and mandatory injunctive relief prohibiting the Defendants committing any future violations of the law as herein alleged;

3. For an order imposing all statutory and/or civil penalties provided by law;

4. For an award of restitution according to proof under Business and Professions Code §17200 *et seq*.;

5. Punitive damages in excess of the jurisdictional limits of this court as to the individual defendants, according to proof at trial;

6. Costs of suit, including reasonable attorneys fees;

7. For interest at the legal rate of 10% per annum; and

8. Such further relief as the Court deems just and proper.

13

1

2   Dated: August 5, 2021            SHANBERG STAFFORD & BARTZ, LLP

3

4

5                                    By:     /s/ Shane C. Stafford /s/
                                             ROSS E. SHANBERG
6                                            SHANE C. STAFFORD
                                             AARON A. BARTZ
7                                            Attorneys for Plaintiff ANTHONY MORENO

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

1

## **REQUEST FOR JURY TRIAL**

2

3       Plaintiff requests a jury trial on all issues triable to a jury.

4

5   Dated:  August 5, 2021                    SHANBERG STAFFORD & BARTZ, LLP

6

7
                                  By:     /s/ Shane C. Stafford /s/
8                                         ROSS E. SHANBERG
                                          SHANE C. STAFFORD
9                                         AARON A. BARTZ
10                                        Attorneys for Plaintiff ANTHONY MORENO

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES